UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY DENARD WOODS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 6:24-cv-1472-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

    Defendant.

## OPINION AND ORDER[2]

### I.　Status

Anthony Denard Woods ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of human immunodeficiency (HIV) infection, epilepsy, cellulitis, kidney failure, back spasms, restless legs, lack of sleep, headaches, depression, and anxiety. Transcript of Administrative

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed October 4, 2024, at 76, 85, 96-97, 113-14, 303.[3] Plaintiff protectively filed the applications for DIB and SSI on October 17, 2019, alleging a disability onset date of August 19, 2019.[4] Tr. at 270-71 (DIB), 132-41 (SSI). The applications were denied initially, Tr. at 76-84, 94, 142-44, 149 (DIB), 85-93, 95, 145-47, 148 (SSI), and upon reconsideration, Tr. at 96-112, 130, 155, 160-69 (DIB), 113-29, 131, 180, 185-95 (SSI).

On February 10, 2021, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 44-75. At the time of the hearing, Plaintiff was forty-five (45) years old. Tr. at 47. On March 30, 2021, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 15-36.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his representative. See Tr. at 4-5 (Appeals Council exhibit list and order), 268-69 (request for review), 498-503 (brief). On

---

[3] Some documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] Although actually completed on November 18, 2019 and November 19, 2019, respectively, see Tr. at 270 (DIB), 132 (SSI), the protective filing date for both applications is listed elsewhere in the administrative transcript as October 17, 2019, see, e.g., Tr. at 76, 96 (DIB), 85, 113 (SSI).

[5] The hearing was held via telephone with Plaintiff's consent. See Tr. at 46, 253.

August 31, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court. See Compl. (Doc. No. 1), No. 6:21-cv-1811-E_K (M.D. Fla. Oct. 28, 2021) ("2021 case").[6] Upon an unopposed motion by Defendant, this Court on June 8, 2022 entered an Order reversing and remanding the matter for further administrative proceedings. Order (Doc. No. 22), 2021 case; see also Judgment (Doc. No. 23), 2021 case.

On remand, the Appeals Council entered an Order remanding the matter to an ALJ with instructions. Tr. at 911-13. Because Plaintiff had filed a subsequent DIB claim on July 11, 2022, see Tr. at 1090-92, the Appeals Council also directed the ALJ to consolidate the claims, associate the evidence, and issue a single decision on the consolidated claims. Tr. at 912 (citations omitted). The ALJ held a hearing on November 29, 2022, during which Plaintiff (still represented by counsel) and a VE testified.[7] Tr. at 973-96. The ALJ issued a Decision on March 17, 2023, finding Plaintiff not disabled through the date of the Decision. Tr. at 926-53.

---

[6] For whatever reason, none of this Court's filings or rulings appear in the administrative transcript. Citations are to the CM/ECF documents from the 2021 case.

[7] The hearing was held via telephone, with Plaintiff's consent. Tr. at 975-76, 1035-36, 1070.

Plaintiff sought review by the Appeals Council and submitted a brief in support of the request. Tr. at 920-921 (exhibit list and Order), 1071-77 (brief), 1078-80 (request for review). The Appeals Council on November 2, 2023 declined to assume jurisdiction, Tr. at 916-19, making the ALJ's Decision the final decision of the Commissioner. On August 12, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely[8] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in 1) assessing a residual functional capacity ("RFC") that "did not include a need to elevate his lower extremities when seated due to edema caused by chronic cellulitis" without adequate explanation; and 2) inadequately evaluating "the relative persuasiveness of the medical opinions when determining the [RFC]." Memorandum in Support of Plaintiff (Doc. No. 19; "Pl.'s Mem."), filed November 20, 2024, at 16, 21 (emphasis omitted). On December 19, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on January 26, 2025, Plaintiff's Memorandum in Reply (Doc. No. 27; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's

---

[8] Through new counsel, Plaintiff sought and received additional time to file a civil action. Tr. at 962-63, 966.

final decision is due to be reversed and remanded for reconsideration of Plaintiff's cellulitis and the corresponding need to elevate his leg(s). On remand, this reconsideration may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 929-52. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 19, 2019, the alleged onset date." Tr. at 929 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: human immunodeficiency (HIV) infection, bilateral leg cellulitis, migraine/headaches, chronic kidney disease stage III, tenosynovitis of the hand, degenerative disc disease of the cervical spine, epilepsy, dysthymia and dementia, a learning disorder, depression, a generalized anxiety disorder, and a neurodevelopmental disorder." Tr. at 929 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 930 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) with occasional climbing of ramps or stairs, no climbing of ladders, ropes or scaffolds, occasional stooping, kneeling, crouching, or crawling, no exposure to hazards such as machinery or heights with an ability for understanding and recalling simple information, and performing simple routine work tasks during an 8 hour workday.

Tr. at 933-34 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "fast food worker" and a "cook helper." Tr. at 951 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("44 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 951 (emphasis and citations omitted), such as "lens inserter," "bucket wire inserter," and "final assembler," Tr. at 952 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from August 19, 2019, through the date of th[e D]ecision." Tr. at 952 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in assessing the RFC by failing to account for his need to elevate his lower extremities as a result of his recurrent cellulitis and related issues. Pl.'s Mem. at 16-21; Reply at 4. Responding, Defendant

contends the assigned RFC is supported by substantial evidence, "insofar as it relates to Plaintiff's cellulitis and feet and leg swelling." Def.'s Mem. at 4 (emphasis omitted).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities," SSR 96-8P, 1996 WL 374184 at *3. It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff testified during the November 29, 2022 hearing that he had been recently hospitalized with "a severe case of cellulitis" affecting both

legs and a "venous ulcer" on his toes. Tr. at 983-84. At the time of the hearing, Plaintiff still had an "open wound" and had been advised by his treating physician to "elevate [his] feet daily" so as to avoid the potential for the spread of an ulcer that could cause amputation. Tr. at 984. The administrative transcript also contains consistent documentation of bouts of cellulitis, see generally Tr. at 504-908, 1111-1264, and instructions for Plaintiff to elevate his leg(s), see, e.g., Tr. at 514 (September 2019), 592-93 (September 2019), 639 (October 2019), 809 (June 2020), 894 (September 2020 noting "history of recurrent cellulitis" and recommendation for "compression elevation and possibly a lymphedema pump"), 1133 (July 2022), 1207 (October 2022).

The ALJ, when addressing the medical evidence and assigning the RFC, neglected to discuss Plaintiff's testimony regarding the need for elevation or to discuss any of the medical evidence consistently documenting such a need. See Tr. at 933-51. The ALJ relied mainly on the "conservative treatment" for cellulitis with antibiotics and compression stockings in determining that further RFC restrictions were not warranted. Tr. at 950. Moreover, the ALJ found Plaintiff "has not received inpatient treatment or extended IV antibiotics," Tr. at 950, which is at odds with Plaintiff's testimony that he was hospitalized prior to the November 2022 hearing and notes documenting a June 27 through July 1, 2022 hospitalization for cellulitis and "severe sepsis with acute renal failure," see Tr. at 1140, 1131-79. In any event, without the ALJ

recognizing or addressing the testimony and various physicians' instructions for Plaintiff to elevate his legs, judicial review is frustrated because does not appear the ALJ considered whether there is a need for lower extremity elevation in assessing the RFC. The matter must be reversed and remanded for further consideration.

## V.    Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    When addressing the residual functional capacity, reconsider whether Plaintiff needs to elevate his lower extremities and the overall effects of his cellulitis and related issues;

(B)    If necessary, address Plaintiff's other argument in this appeal; and

(C)    Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record