# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANTHONY DENARD WOODS,

      Plaintiff,

v.    Case No. 6:24-cv-1472-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. No. 31; "Motion"), filed December 18, 2025.[1] In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,949.50. Motion at 1; see also Invoice (Doc. No. 31-2); Plaintiff's Attorney's Affidavit Supporting Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 31-4; "Affidavit"). Defendant does not oppose the relief requested. See Motion at 5.

According to the Motion and supporting documentation, Plaintiff's counsel expended a total of 27.80 hours in the representation of Plaintiff before

---

[1] The pages of the Motion and supporting documentation are unnumbered. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

the Court, in years 2024 and 2025. See Motion; Invoice. Plaintiff requests an hourly rate of $250. Motion at 1; Invoice. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees. [2] Further, the number of hours expended is reasonable.

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. See Attorney Employment Contract (Doc. No. 31-1); Plaintiff's Affidavit and Assignment of EAJA Fee (Doc. No. 31-5). Regarding the assignment, Plaintiff represents the following:

> If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Motion at 2.

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited January 28, 2026). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. No. 31) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,949.50 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on January 28, 2026.

JAMES R. KLINDT<br>
United States Magistrate Judge

kaw
Copies to:
Counsel of Record